**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** § § § | |
| **Plaintiff,** § § | |
| v. § | **CIVIL ACTION NO. 4:19-cv-03700** |
| § | |
| **G&A OUTSOURCING, INC. D/B/A G&A PARTNERS,** § § § | |
| **Defendant.** § | **JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT
OF THE
UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NATURE OF THE ACTION**

1.      This is an action under Title I of the Americans with Disabilities Act and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability, and to provide appropriate relief to Charging Party Amanda Dorman ("Dorman" or "Charging Party"). As alleged with greater particularity in paragraphs 16-22 below, Defendant G&A OutSourcing, Inc. d/b/a G&A Partners has engaged in unlawful discrimination by terminating Charging Party because of her actual disabilities or perceived disabilities.

**JURISDICTION AND VENUE**

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as

1

amended, 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The unlawful employment practices alleged in this complaint were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division. Venue is appropriate in this Court.

## PARTIES

4. Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or the "Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times, Defendant G&A OutSourcing, Inc. d/b/a G&A Partners (hereinafter "Defendant" or "G&A Partners") has continuously been a Texas corporation doing business in the State of Texas, in the City of Houston, County of Harris, including at the address of 17220 Katy Freeway, Suite 350, Houston, Texas 77094-1485, and has continuously had, or during the relevant time period had, at least fifteen (15) employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 101(5) and (7) of the ADA, 42 U.S.C. §§ 12111(5) and (7).

7. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

8. Defendant's registered agent for service of process is Cogency Global, Inc., located at 1601 Elm St., Suite 4360, Dallas, Texas 75201.

## ADMINISTRATIVE PROCEDURES

9. More than thirty days prior to the institution of this lawsuit, Dorman filed a charge of discrimination with the Commission alleging violations of the ADA by Defendant.

10. On March 15, 2019, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated. The Commission then invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

11. The Commission engaged in communications with G&A Partners to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

12. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13. On June 17, 2019, the Commission issued to Defendant a Notice of Failure of Conciliation.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

15. Respondent is a professional employer organization (PEO) which provides full human resources services for its corporate clients, including HR solutions, workplace safety measures, provision and administration of benefits, payroll administration, and assistance with HR technology.

16. Since at least January 2018, Defendant has engaged in unlawful employment practices on the basis of disability in violation of Section 102(a) of the ADA, 42 U.S.C. §§ 12112(a).

17. Charging Party was hired by Defendant as a Marketing Content Specialist in G&A Partners' Marketing Department but worked only one full day in January 2018.

18. On January 9, 2018, the very first (and only full) day of her employment, Dorman began her employment and orientation with Defendant and briefly met with her supervisor that afternoon. Dorman informed her supervisor that she (Charging Party) has the mental impairments of major depressive disorder (MDD) and attention deficit hyperactivity disorder (ADHD). Charging Party also informed her supervisor that certain accommodations, including, but not limited to, telework and the use of a fidget spinner or other such device, might be necessary or desirable to helping her perform the essential functions of the position of Marketing Content Specialist for which she was hired. The following morning, on January 10, 2018, Dorman was terminated.

19. Dorman is a qualified individual with a disability under Sections 3(1)(A), 3(2), and 101(8) of the ADA, 42 U.S.C. §§ 12102(1)(A), 12102(2), and 12111(8), in that she has one or more mental impairments that substantially limits a major life activity. Dorman has MDD and ADHD, which are impairments that substantially limit brain function and may substantially limit additional major life activities.

20. In the alternative, Dorman is a qualified individual with a disability under Sections 3(1)(C)-(3) and 101(8) of the ADA, 42 U.S.C. §§ 12102(1)(C)-(3) and 12111(8), in that Defendant regarded Dorman as having a disability by discharging her because of her impairments.

21. Defendant subjected Dorman to an adverse employment action, termination, on the basis of disability by discharging her because of her actual or perceived mental impairments or disabilities. Only a day before, Defendant had deemed Charging Party to be qualified for the job when she began employment and orientation with Defendant.

22. The effect of these unlawful practices has been to deprive Dorman of equal employment opportunities, and to otherwise adversely affect her employment status as an employee because of her disability within the meaning of the ADA.

4

23. The unlawful employment acts, omissions and practices complained of in paragraphs 16-22 above were intentional within the meaning of Section 706(g)(1) of Title VII, 42 U.S.C. § 2000e-5(g)(1), as incorporated by Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in discrimination based on disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Amanda Dorman by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in paragraphs 16-22 above, including, but not limited to, reinstatement of Amanda Dorman, where appropriate, or an award of front pay in an amount to be proved at trial if reinstatement is impractical.

D. Order Defendant to make whole Amanda Dorman by providing compensation for past and future pecuniary losses resulting from its unlawful employment practices described in paragraphs 16-22 above, including, but not limited to, the value of lost insurance benefits, job search expenses, and other out-of-pocket expenses in amounts to be determined at trial.

E. Order Defendant to make whole Amanda Dorman by providing compensation for past and future non-pecuniary losses resulting from its unlawful practices complained of in paragraphs 16-22 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.   Grant such further relief as the Court deems necessary and proper in the public interest.

G.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION

SHARON FAST GUSTAFSON
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
U.S. Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507

RUDY SUSTAITA
Regional Attorney
U.S. Equal Employment Opportunity Commission
1919 Smith Street, 6th floor
Houston, Texas 77002

 /s/ Connie W. Gatlin
CONNIE WILHITE GATLIN
Senior Trial Attorney
Attorney-in-Charge
Texas Bar No. 00792916
Southern Dist. of Texas No. 23624
U.S. Equal Employment Opportunity Commission
1919 Smith St., 6th Floor
Houston, Texas 77002
(713) 651-4976
(713) 651-7995 [facsimile]
connie.gatlin@eeoc.gov